What a great move that was. Okay. I was actually thinking about that. All right. This is appeal 1736-39. Jensen v. Pollard. Mr. Albee. This court agreed with the district court that the testimonial letters violated Jensen's confrontation rights. That that error was not harmless and that Jensen was entitled to a retrial or release. Yet three years later, Jensen has not had that retrial. The state has made clear that it does not intend to give him one. And he remains imprisoned on the same judgment that this court found was infected by constitutional error. Did Jensen argue in the district court, either in response to the motion for clarification or in the motion to enforce the writ, that the state had waived any challenge to the testimonial nature of the letter in habeas proceedings? Yes. I think we termed it in terms of res judicata. Can the state violate the writ by raising an issue that's settled by the habeas proceeding in the state court? I'm sorry. See, I'm wondering if that's what Jensen meant when he argued that the state did not proceed in good faith with the retrial. When Jensen raised good faith in the district court, that was an argument that the court should bar any further prosecution of Mr. Jensen. We did not argue that good faith was a necessary finding in order to find noncompliance. We think that's one of the errors that the district court made here. So you think the noncompliance... Okay, let me make sure I understand your position precisely. So this is really a dispute about what the order required. You reject the district court's interpretation of its order, which said you needed to either initiate proceedings to retry or release. Our position is that this order most definitely required retrial or release. The initiate proceedings was a window of time in which the state needed to get the ball rolling. Separately, it also required the remedy to cure the constitutional problem that was here, which was through retrial. That's the typical relief afforded in habeas cases, is that if there's a constitutional violation at trial, the defendant gets a retrial. The language used here of initiate proceedings is not uncommon. It's frequent for federal courts to, say, decide within X number of days or commence within X number of days or choose what course you're going to take within so many days. But no court's ever manipulated that language to try to claim that all that's required is to make a decision or initiate proceedings. They all recognize that what's necessary is that the petitioner get the relief, the remedy, that would cure the defect. Okay, so what if the Supreme Court issued a decision after the district court's conditional order in the habeas case, which said letters from the grave like Julie Jensen's are clearly non-testimonial? And so at that point, and I understand that's not the position with Michigan v. Bryant and Ohio, but my question here is, in that instance, would it violate the district court's conditional order for the state to say, listen, then we just want a reinstatement of the judgment? It would. This court in Medage made clear that the state's not free to disregard federal court orders, even if they believe they're ineffectual, even if they turn out to be wrong. What the state could do in that instance, if it was abundantly clear that the Supreme Court came out with a decision that, you know, just makes abundantly clear that the Seventh Circuit and the district court were wrong, is pursue Rule 60B motion. And that example is, there's a 1987, I think, Eleventh or Fifth Circuit case, Ritter, in which the circuit court had found that Alabama's death penalty statute was unconstitutional. Cert was denied, but then in a different case, the exact same issue went up to the Supreme Court, and they reached the opposite conclusion. It was then determined through Rule 60B in that case that not only was it wrong, but there has to be extraordinary circumstances. And that is the one instance I know of where it was found to not just be wrong, but extraordinary circumstances because the Supreme Court decision was in direct opposition to the circuit court decision. So there's never – is it a matter of the way the district court worded the order, or is it a matter of just 2254 and principles of habeas, that the options are always release or retry, that it's never possible to fulfill an order by reinstating a judgment? Yes, I would say that. But this order – You would say what? Wait, so it's part of 2254? I would say that it would always require the retrial. There's not a basis to reinstate the judgment because that would be contrary to the federal court order to retry. That's not – the state doesn't – No, no, no, but I'm saying could a district court word it differently? Well, and there are situations in which they would, such as Jackson v. Deno or the Coulter case, where there was some legal or factual determination that still needed to be made by the state court or that the federal court thought the state court should make first. That was the remand for a Batson challenge or voluntariness of the confession. But if there's a constitutional error that infected the trial, really the only cure is going to be a retrial. Why isn't the state court the right venue to litigate the propriety of the reinstatement of the judgment in the first instance? We do have an intervening new judgment. The writ was complied with to the extent that the invalid judgment, the constitutionally tenant judgment, was vacated and new proceedings were initiated, and now we have a new judgment that is being litigated in state court. It would be – it would defy common sense to determine that initiate proceedings was enough. This required a retrial. And so the problem is, Your Honor, that – And let me get to the court's question. There's a federal court order to retry. There is no retrial or release. Well, there isn't a federal court order to retry. There's a federal court order to initiate proceedings to retrial, and what happened in the interim is that there was a lot of motions practice in the state trial court, which may or may not be constitutionally flawed for any number of reasons or flawed under state law for any number of reasons, but that's the subject of active litigation in state court right now. The court mentioned that there's a second judgment as though that would be – that would make a difference. This court rejected that in FIFER where it was remanded for the parole revocation and the parole revocation hearing. A second hearing was held. Another judgment was entered, and the court said, no, we can still judge compliance with the first judgment. And that's always been the role of the federal courts, not the state courts, to judge compliance with a writ, and that's certainly the lesson of FIFER. It's also the lesson of Medej where it said that the Illinois attorney general should find itself fortunate not to be held in contempt when it doesn't follow an existing order. And, Judge, I think when we talk about how we should read this order, the state's entire argument depends on an interpretation that all that was required was to initiate proceedings here. Even Judge Griesbach rejected that interpretation. He found that initiating proceedings wasn't enough, and that wouldn't make sense. And it wouldn't make sense because the purpose of the habeas proceeding is to cure the constitutional error that exists, and that can only be done here through a retrial. We have to interpret court orders consistent with the purpose of the writ, and the purpose of the writ is to cure that constitutional error. There's a constitutional error that's being remedied by the habeas proceeding. It's that the unconstitutional state custody is terminated, and so he's no longer being held pursuant to the original constitutionally tainted judgment. He's being held pursuant to a different judgment that, as Judge Griesbach observed and I just mentioned, may or may not suffer from all kinds of infirmities under state and federal law, but that's what's holding him now. He's not being held pursuant to the prior judgment that has been invalidated. Actually, as the state repeatedly refers to it, you reimpose the judgment. It's the same judgment. It's the same date of conviction of February something 2008. It is the same judgment. It's the same trial. There was no new trial. And I realize there was no new trial, and that may be a problem under. But the federal court has the duty to judge compliance with the writ. That's the lesson of FIFER. And this court, the district court here, didn't even really find compliance. It just found that it wasn't going to find noncompliance where there is good faith. Well, but its jurisdiction lapsed once there was compliance, and I understand that the judgment was reinstated. But shouldn't, whether it's a new judgment or not, be a matter of federal law under 2254 rather than depending on what the state calls it? Because the state had asked the state court to either reinstate the judgment or issue a new judgment based on the old conviction, and it would be odd to have the outcome of the case turn on which course the state court chose. Well, I think the reinstatement of the judgment means he's being held on the same old judgment, which is a major problem. And then the fact is that he didn't get a retrial or release. I mean, still, that was what was necessary, I think, to comply with the federal court order here. The only way the state could prevail is if initiate proceedings is enough. But that doesn't offer any relief. It just offers some meaningless proceedings to the petitioner. It doesn't neutralize the taint, and it's completely standardless. I mean, Judge Griesbach found it wasn't enough to initiate the proceedings. He just at some point thought it had gone far enough that you could determine some sort of good faith. But there's no case that ever says that good faith is a basis for noncompliance when the state is perfectly capable of releasing or retrying Mr. Jensen. How do we reconcile your argument on the judgment issue with the Supreme Court's decision in Magwood? Magwood, the case was returned, and the court- Entered a new judgment. They entered a re-judgment after holding a resentencing. And then Magwood wanted to raise challenges to that resentencing. But he, I mean, Magwood would be analogous- But in terms of the issue of whether the petitioner is being held pursuant to the old judgment or the new judgment, the court clearly treated the new judgment following the habeas writ grant as a new judgment that was subject to initial attack, not collateral. He's made an error of law if he's treating this as a new judgment, number one. Second, Pfeiffer says that even if there's a second judgment, the Federal court still has to determine compliance with the first judgment. Next, the Magwood would be analogous, Your Honor, if in this case Mr. Jensen went to trial, lost, and wanted to raise some other issues, and the state said, no, that's second or successive because you could have raised those issues in the first habeas. And that would be a Magwood situation. No, I understand that the Magwood issue was about whether the habeas petition was treated as second or successive. But the case is all about which judgment the petitioner is being held pursuant to because the habeas statute focuses on prisoners held pursuant to an allegedly unconstitutional state judgment. And I guess our position is he's still being held on the first judgment, one, and second, that Pfeiffer allows for judge compliance with a court order. Here, it would not be reasonable to say initiate proceedings satisfies the initial court order. What was necessary was retry. That's consistent with the purpose of habeas and a long line of cases in which courts have only required things like decide or initiate proceedings. I'm going to save the rest of my time for rebuttal. Right. Thank you. Okay. Is it Saitlin? Close enough. Okay. Well, you tell us. Misha Saitlin, Solicitor General, on behalf of the warden. Saitlin. Thank you. The district court's conditional habeas threat provided the petitioner must be released unless within 90 days the state initiates retrial proceedings. The state fully complied with that condition. We vacated the judgment. We transferred his custody from the penitentiary to pre-trial detention, and then we engaged in months and months of pre-trial briefing, pre-trial motions practice, pre-trial hearings. After the trial court, in response to the defendant's motion to exclude not only the letter but a whole host of statements, including statements that were not in dispute before this court, determined that those were, in fact, non-testimonial under Ohio v. Clark. We went to the district court, and we asked the district court, would reinstating the judgment, a new judgment, violate the district court's order? The district court told us it would not violate the district court order. In doing that, we followed this court's instruction last year in Barnett that when there is uncertainty about the meaning of a Federal conditional habeas writ, we should ask guidance from the district court. Then, after the trial court imposed the judgment, the district court again ruled that we complied with the writ. The ultimate submission from my friend, Dana Sy, here, is that the district court twice misinterpreted the meaning of its own conditional writ. It seems fairly clear that during the habeas proceedings, the state waived the question of whether the letter was testimonial by not raising the supposedly new Supreme Court cases, even though those cases were absolutely available to you, and by actively and openly conceding that the letter was testimonial. So, which court should decide whether the state waived any additional challenge to the testimonial nature of the letter and additional statements? The state trial court, the district court, this court? Who, what, where, when? With regard to the issue of waiver, the nature of a Federal habeas proceedings is in the nature of a civil proceeding between the petitioner and the warden. If a waiver in that context somehow affects anything that would happen in state criminal proceedings, where it's the state versus the defendant in a criminal capacity, that would be an issue of state evidentiary law or things of that sort. Certainly, nothing, and I'm not familiar with any case law, would suggest that it's possible to have a waiver carry forward from the Federal civil habeas proceeding to a criminal proceeding. That would be, as this court said in Hudson, making the state courts marionettes to control of the Federal habeas courts, which is, of course, not permissible. Now, again, as I mentioned earlier, the dispute here is whether the district court twice misinterpreted its written order, and it plainly did not. Not only did the state initiate proceedings in all of the ways that I just discussed, but there's more indications on the face of the actual district court writ decision that something like this may well happen in compliance with the writ, and this is a very important passage, page 41 of the supplemental appendix. The district court said in its original writ order, if there are other grounds that can constitutionally support the ruling with regard to the letter, the state may seek the admission of the letter, let's paraphrase it, on alternative grounds at a new trial in state court. That was in the original writ order. That is exactly what happened here. In response to a motion filed by my friends, by the defendant, we made certain argumentations. The trial court then decided, because of Ohio v. Clark, that Jensen 1, the state supreme court decision, no longer controlled on the testimoniality issue. That's exactly the kind of thing that was contemplated by the alternative grounds mentioned on supplemental appendix 41. I am puzzled by the state's position that the writ simply required retrial and not specifically retrial without the letter. I mean, the federal courts conclusively decided that the admission of the letter violated the confrontation clause. I understand, look, it's always possible. It's always possible that the letter would somehow be admissible because the defendant opens the door to using the letter for impeachment, for example. But there was no change in circumstances here. The letter was admitted under the very same circumstances that we found violated the confrontation clause. How could that possibly be compliance with the writ? As my friend, I think, on the other side conceded in response to questions from Judge Barrett, this is a matter of what does the conditional writ mean. I acknowledge this is an unusual situation, which is why we didn't just plow ahead. We went to Judge Griesbach and we said, what does your order mean? And we presented these things to him. He, interpreting his own order, which is subject to the abuse of discretion of view, of course, before this Court, told us that it means what we're saying. And I think that not only the words initiate proceeding support us, but I think that passage on supplemental appendix 41, I think there is no way to read that passage consistent with my friend's position. That passage says the state may seek the same ruling, that is admission of the letter on alternative grounds at a new trial in state court. And the issue that the judge there was discussing was the Giles issue about it wasn't something that would be opening the door. It was something that was extant at the time of the initial trial. Why shouldn't we vacate and remand to the district court to decide whether the state waived its new challenge to the testimonial nature of the letter and statements during the habeas proceedings? If the state waived the issue during habeas, the district court could arguably enforce the writh by sending the case back to vacate the judgment and either retry him without the letter or release him. With respect, Your Honor, I think that would be in flat violation of the Supreme Court's decision in Jennings. I'm sorry. In Jennings, where the court said that federal habeas conditional wriths do not have unstated conditions. Here, if Your Honors were to enter that kind of order that your question contemplates, it would be saying that there was unstated condition with regard to the state court proceedings. The unstated condition was that in those proceedings, the state could not raise any arguments that were waived. It is certainly possible that a conditional writh could have that kind of language, but under Jennings, that would have to be explicit. You would not be able to kind of post hoc jury rig the conditional writh to have that additional condition because it would be, in effect, amending that condition  because we complied fully with the condition which deprived the federal courts of jurisdiction. In hindsight, one could say, well, maybe that condition should have been in the writh. Again, that would have been an odd thing to do, but if it had been in there, then it could be done, but under Jennings, it can't be added because it was not stated on the face of what the state court... I am really puzzled by the state's claim that this was not the same judgment but somehow a new judgment. I mean, wasn't it literally the same judgment that had been entered in 2008, the very same judgment that we found constitutionally infirm? Well, as a matter of federal habeas law, we definitely agree with Judge Griesbach that once a judgment is vacated, if a new judgment is entered by the state court, regardless of how it's denominated by the state court, you have a Magwood situation. You have a second judgment, and Magwood tells us that a challenge to that second judgment is not second successive, but it is a new judgment for purposes of federal habeas law with every regard to what it means under state law. That's a federal habeas issue, and I think the Magwood decision is on point on that. So you would not be in the district court or in here arguing... Let's imagine that he litigates through the state courts and exhausts. You're not going to be back here or in the district court arguing this is second and successive, so now he can't challenge whether this is testimonial under Ohio v. Clark and Michigan v. Bryant, nor can he raise his judicial bias claim. You're conceding that he could. Certainly, Magwood controls that issue. I mean, there was a powerful dissent in Magwood. Maybe someday Magwood will be reconsidered. You're conceding that as the law currently stands, you would not be back in court arguing that the petition was second or successive. Yes, I think that question is squarely controlled by Magwood. That's exactly what Magwood was about. You see the back and forth between Justice Thomas, the majority, and Justice Kennedy in dissent, but Justice Kennedy did not prevail, and so it would not be second and successive as a result of that. You see, in taking the action that was taken, the prosecution appears to have defied not only our decision affirming the writ, but also the judgment of the Wisconsin Supreme Court that the letter was in fact testimonial. Is there any fast-track process in Wisconsin that would allow the Wisconsin Supreme Court to remedy this? Absolutely. There is a procedure for bypass if either of the parties could ask for that. The bypass procedure was actually used getting to Jensen 1 to begin with. The Court of Appeals was skipped. That's a discretionary decision by the Wisconsin Supreme Court that we take advantage of in some important cases. With regard to defiance of the federal writ, which was the first point you made, I think it is quite significant, quite significant, that we took what this Court said very seriously. We came to Judge Griesbach, and we said, would this comply with your writ? We didn't just press ahead. Judge Griesbach told us that it would comply. If Judge Griesbach had said no, that was not compliance with what I said, we would have gone forward with the trial. We spent months and months and months trying to get a trial date in this case. We filed hundreds of pages of motions of practice. Before the trial court's ruling on this, we were ready to go to trial. If Judge Griesbach had told us that this is not what my writ means, we would have been ready to go to trial. Is there nothing that, which I think the brief suggests, literally nothing that Jensen can do now other than engage in five more years of post-trial? Proceedings in state and federal court? As Your Honor pointed out, there are expedited procedures in state court. While we do think that we have a good argument under Ohio v. Clark, I'm not going to stand up here and suggest that it's a slam dunk. The state Supreme Court or the Court of Appeals may well agree with my friend on the other side that the letter is testimonial, that Jensen wants to continue to control, and that will be the end of the ballgame. This is exactly why the exhaustion requirement is so important. Because the state courts, assuming that this is there, assuming that Your Honor is correct that the state Supreme Court would think that Jensen 1 still controls this issue, the state courts are fully competent to settle that dispute without any further federal involvement in this state court criminal prosecution. Well, the state courts may resolve this on state law, on the law of the case doctrine, and say this question should not have been revisited in the first place. There was nothing that justified reopening the matter in the law of the case applies, in which case there would be no further federal infirmity. The letter would be out on state law grounds. That's exactly right, Your Honor, and I think that there is a substantial possibility that will happen. Like I said, we feel confident in our arguments. The trial court accepted them, but there are strong arguments on the other side under state law, under the law of the case doctrine, under Ohio v. Clark, and we may well lose in state court and there won't be any more federal proceedings. That's exactly why the exhaustion doctrine is in the federal habeas statute and why it should be honored here. So set out the scenario. What should come next? This court should affirm the district court's denial of their motion. The defendant has already taken his appeal in state court. That was in mid-October. The proceedings in the Court of Appeals are ongoing. If the defendant wishes to do a petition for bypass, obviously that has to be filed with the state Supreme Court. You could also file a question of certification to the Court of Appeals, which the state Supreme Court would then take if it so chose, and then the state court system will play out with the speed that the appellate judges in Wisconsin decide is proper in this case. And if the case comes back into federal court, all issues are alive, including the judicial bias issue? Under MAGWA, that would be a new judgment, and it would not be second to successive to raise any particular issue. Are you familiar with the Suggs case? I apologize, I'm not. It's a case of this court that muddies the waters on that, to put it mildly. But I won't ask you about it if you're not familiar with it. I apologize. I do think that the actual judgment being second in time is what... I tend to agree, but I dissented in that case. The waters are muddied. If there are no further questions, I would ask the Court of Appeals. Thank you very much. Can you add another minute because we just went over? Jensen's habeas petition asserted that his confrontation rights had been denied. In order for him to prevail, the statements had to be testimonial. There had to be no forfeiture by wrongdoing, no opportunity for cross-examination, and that it wasn't harmless error. He prevailed. That meant that all those things had been established by the federal court order. So going to Judge Roedner, your question, this had been determined by the federal court, and the state should have been precluded from raising it again in state court. Race judicata, Jennings recognizes that issue preclusion applies in a federal habeas down to the state court, and that the federal court's granting of habeas has issue preclusive effects. That applies here and should have prevented the state from arguing that the letter comes in unless they wanted to pursue a Rule 60B situation. But isn't that an argument to present to the state court? Preclusion ordinarily goes to the court where the action is pending, which is now in the state court. The federal court has to determine compliance with its writ. And that was to retry, and the issue preclusive effects would be wrapped up within that. Again, Pfeiffer says that it's not relevant that there's a second judgment. We're asking for enforcement of the first judgment here, Your Honor. There was mention by the state that Judge Griesbach had said that the state may pursue admission on other grounds. There's no authority that he cited for that, and he was only talking about the forfeiture by wrongdoing situation, not about these statements being testimonial. At the end of the day, the purpose of habeas is to replace an invalid judgment with a valid one. That's not happened here. We've been through four years of litigation, and two federal courts found that Mr. Jensen's confrontation rights had been violated at trial. The remedy for that is a retrial or release. The state court has completely defied that federal order. Medej says they can't do that. They needed to come back if they think that there was something wrong with that federal court order. Pfeiffer says that the federal courts retain jurisdiction to determine compliance. I would ask that this court grant Mr. Jensen's release as the only cure for the constitutional violation that took place here, is to give him a new trial or release, and the state is determined not to give him the retrial. Thank you. Okay, thanks to both for a really well-argued appeal, and the case will be taken under advisement.